## Aaron S. Oakford et al. v. Crammer W. Brown.

1. ATTORNEY'S FEES —*Allowance of, Under Trust Deed, Before Sale.* — A trust deed provided that under certain circumstances it might be foreclosed, and authorized the court "out of the proceeds of

any such sale to first pay the costs of such suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of said party of the second part, or person who may be appointed to execute this trust, and reasonable attorney's and solicitor's fees." *Held*, that a fair and reasonable construction of this provision authorized the allowance of solicitor's fees in a foreclosure suit, brought under such deed, for services rendered up to the time of their allowance, although no sale of the property involved had been ordered or made.

**Bill,** for foreclosure. Appeal from the Circuit Court of Stark County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

ARTHUR KEITHLEY, attorney for appellants.

B. F. THOMPSON, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellee filed his bill to foreclose a trust deed, executed by Zura Fuller and Frances M. Fuller, his wife, praying for an allowance of a solicitor's fee as provided for therein.

Appellants were made parties because of some interest in the land covered by the trust deed. They answered admitting all the allegations in the bill, except that the complainant was entitled to solicitor's fee. The answer further alleged a legal tender of the amount due and that the same was on deposit with the clerk.

The proofs show a tender of all due excepting solicitor's fee. The court held that appellee was entitled to a solicitor's fee of $75, and decreed that unless that sum, in addition to the amount tendered, was paid in ten days, the master should sell the property.

Upon the ground that the court erred in allowing a solicitor's fee, appellants seek a reversal of the decree.

The trust deed provides that in the event of certain contingencies the trust deed may be foreclosed, "and out of the proceeds of any such sale to first pay the costs of such suit, all costs of advertising, sale and conveyance, including the

reasonable fees and commissions of said party of the second part, or person who may be appointed to execute this trust, and reasonable attorney's and solicitor's fees."

It is contended that as the contract provided for the payment of reasonable solicitor's fees out of the proceeds of sale, that without the case proceeding as far as sale, no fee could be collected. In other words, that in a suit for the foreclosure of a trust deed with such a provision for solicitor's fees the charge of a solicitor's fee for complainant could be defeated by the defendant bringing into court the amount of principal and interest and costs to date. There are authorities in other States to support that contention, but we can not approve them.

The evident object in providing for solicitor's fees in the trust deed was, that in the event the mortgagor should fail to pay the debt, and the holder of the indebtedness should be compelled to resort to a foreclosure to collect these, solicitor's fees should be allowed to reimburse him.

We can not adopt a construction so narrow that the payment of solicitor's fee could be escaped by paying principal, interest, court costs and advertising costs at any time before the land was offered for sale.

A fair and reasonable construction authorized the allowance of solicitor's fees for services that were rendered up to the time of their allowance. Decree affirmed.